Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 194 | **DATE** | 1-17-2012 |
| **CASE TITLE** | Doiakah Gray (#K-70373) vs. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from his account and payments to the Clerk of Court in accordance with this order. The Clerk shall send a copy of this order to Plaintiff and to the trust fund officer at Stateville Correctional Center. The complaint is dismissed on initial review for failure to state a claim. This dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [4] is denied as moot. Civil case closed.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Doiakah Gray, a state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendants, health care providers at the Stateville Correctional Center, violated his constitutional rights by acting with deliberate indifference to his medical needs. More specifically, he challenges the quality of the care he received for a foot fungus; Gray acknowledges that his foot fungus was treated with certain medications – tolnaftate cream, mystatin and triamcinolone acetonide – but believes that the treatment was insufficient.

The court finds that Gray is unable to prepay the filing fee. Accordingly, the court grants Gray's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $20.90 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Gray's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from his trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at Gray's place of confinement is directed to collect monthly payments from his trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Gray. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Gray's name and this case number.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a suit brought *in forma pauperis* at any time if the court determines that the suit is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Gray's factual allegations as true, the complaint fails to state a claim as a matter of law and therefore is dismissed.

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). Gray cannot satisfy the objective element of his claim because a foot fungus does not constitute a "serious" medical need under the Constitution. "Although uncomfortable, a foot fungus, or athlete's foot, is not a serious medical need or injury." *Walker v. Dart*, No. No. 09 C 1752, 2010 WL 669448, *4 (N.D. Ill. Feb. 19, 2010); *see also Smith v. Schwartz*, 2011 WL 2115831, *3 (S.D. Ill. May 26, 2011) (plaintiff's allegations that he suffered "chronic itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks" did not amount to a serious medical condition); *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1085 (C.D. Ill. 2007) (citation omitted) ("A fungal foot rash is not so serious that it is life threatening or poses a risk of needless pain or lingering disability."); *Russell v. Ohio Adult Parole Auth.*, 2007 WL 129000, at *4 (S.D. Ohio Jan. 12, 2007) (same); *Rogers v. Allen County Jail*, 2006 WL 1441092, *2 (N.D. Ind. May 25, 2006) ("colds and athlete's foot are undoubtedly inconvenient and uncomfortable, but both are common among non-incarcerated citizens and do not constitute a serious medical need"); *Calhoun v. Thomas*, 360 F. Supp. 2d 1264, 1287 (M.D. Ala. 2005) (same for athlete's foot); *Davis v. Lawson*, 2005 WL 2293752, at *3 (N.D. Ind. Sept. 19, 2005) ("Athlete's foot is simply not a serious medical need within the meaning of *Estelle* … ."); *Landfair v. Sheahan*, 878 F. Supp. 1106, 1112-13 (N.D. Ill. 1995) (same). It follows that Gray has no viable deliberate indifference claim under the Eighth Amendment.

This suit therefore is dismissed for failure to state a claim upon which relief may be granted. Gray is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The potential for being assessed three "strikes" should be of particular concern to Gray, who has filed several lawsuits in this District in recent years.

If Gray wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues that Gray plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Gray does appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Gray may accumulate yet another "strike."

**STATEMENT (continued)**