# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0194 | **DATE** | 2/13/2012 |
| **CASE TITLE** | Doiakah Gray (#K-70373) vs. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to alter or amend judgment [7] is granted. The Clerk is requested to: (1) reopen this case; (2) issue summonses for service on Defendants by the U.S. Marshals Service; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■ [*For further details see text below.*]                                     Docketing to mail notices.

## STATEMENT

Plaintiff Doiakah Gray, an Illinois state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleges that Defendants, correctional officials and health care providers at the Stateville Correctional Center, violated Gray's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, Gray alleges that he received delayed and inadequate care for an infection triggered by a foot fungus. By Minute Order of January 17, 2012, the court granted Gray's motion to proceed *in forma pauperis* but summarily dismissed the complaint on initial review pursuant to 28 U.S.C. § 1915A. Gray has moved for reconsideration.

The motion is granted. Gray concedes that a foot fungus does not generally amount to a serious medical need. *See, e.g., Walker v. Dart*, 2010 WL 669448, *4 (N.D. Ill. Feb. 19, 2010) ("Although uncomfortable, a foot fungus, or athlete's foot, is not a serious medical need or injury") (citing *Landfair v. Sheahan*, 878 F. Supp. 1106, 1112-13 (N.D. Ill. 1995)); *Smith v. Schwartz*, 2011 WL 2115831, *3 (S.D. Ill. May 26, 2011) (plaintiff's allegations that he suffered "chronic itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks" did not amount to a serious medical condition); *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1085 (C.D. Ill. 2007) (citation omitted) ("A fungal foot rash is not so serious that it is life threatening or poses a risk of needless pain or lingering disability."); *Rogers v. Allen County Jail*, No. 06 C 0139, 2006 WL 1441092, *2 (N.D. Ind. May 25, 2006) ("colds and athlete's foot are undoubtedly inconvenient and uncomfortable, but both are common among non-incarcerated citizens and do not constitute a serious medical need"). **(CONTINUED)**

mjm

**STATEMENT (continued)**

Gray nevertheless contends that the resulting infection (which he describes as a "discolored hole" between his toes) was extremely painful and objectively "serious," and that he was denied treatment for several weeks. As the Seventh Circuit recently observed, "[d]eliberate indifference to prolonged, unnecessary pain can itself be the basis for an Eighth Amendment claim. ... Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox County Jail*, __ F.3d __, 2012 WL 194995, at *2 (7th Cir. Jan. 23, 2012). Thus, for purposes of threshold review, the court will assume that the "hole" between Gray's toes amounted to a serious medical condition and that the alleged delay in treatment amounted to deliberate indifference. Gray has stated a tenable–if borderline–Eighth Amendment claim.

The Clerk is requested to reopen the case and to issue summonses forthwith. The Marshals Service is appointed to serve Defendants. The Marshals Service shall send Gray the appropriate service forms, and Gray shall fill them out and return them to the Marshals Service. The Marshals Service shall make all reasonable efforts to serve Defendants. With respect to former employees who no longer can be found at the work address provided by Gray, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshals Service with his/her/their last-known address(es). The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation shall be retained only by the Marshals Service. Address information shall not be maintained in the court file or disclosed by the Marshals Service. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Gray is instructed to file all papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Gray must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Gray must send an exact copy of any court filing to Defendants (or to defense counsel once an attorney appears on behalf of Defendants). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions will be disregarded and stricken.