# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0194 | **DATE** | 4-27-2012 |
| **CASE TITLE** | Doiakah Gray (#K-70373) vs. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The motion to dismiss of Defendant Wexford Health Sources, Inc. [14] is granted. Plaintiff has until 5/28/2012 to submit an amended complaint setting forth his claims against Wexford. The Clerk is directed to provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to submit an amended complaint by 5/28/2012, Wexford will be dismissed as a Defendant.

■ [*For further details see text below.*]    Docketing to mail notices.

## STATEMENT

Plaintiff, an Illinois state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Stateville Correctional Center, violated his constitutional rights by acting with deliberate indifference to his medical needs. More specifically, Plaintiff alleges that he received delayed and inadequate care for an infection caused by a foot fungus. Defendant Wexford Health Sources, Inc., has filed a motion to dismiss the claims against it. The motion is granted.

Wexford correctly notes that although it is named as a Defendant in the complaint's caption, it is nowhere mentioned nowhere in the complaint's body. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). In response to the motion, Plaintiff refers to certain purported paragraphs in his complaint that, according to him, sets forth his claims against Wexford. However, those paragraphs do not appear in the complaint that has been filed on the docket. A review of the judge's copy of the complaint reveals that the judge's copy does not entirely correspond with the version of the complaint on the docket; it appears that certain pages in the judge's copy are not on the filed complaint. It is the filed copy that is the official copy, and therefore the copy on which Wexford's motion is decided.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Because no action or inaction on Wexford's part is alleged in the filed complaint, Wexford's motion to dismiss is granted. Plaintiff has until May 28, 2012, to submit an amended complaint curing this defect. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra, **exact** copy for the judge; he must also mail defense counsel an **exact** copy of the amended complaint.

Plaintiff is cautioned that an amended complaint supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached to the amended complaint, and the judge's copy of the amended complaint must include complete copies of all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to submit an amended complaint by May 28, 2012, Wexford will be dismissed as a defendant.