UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOIAKAH GRAY,                                          )
                                                       )
                              Plaintiff,               )       No. 12 C 194
                                                       )
               vs.                                     )       Judge Feinerman
                                                       )
PARTHASARATHI GHOSH, RONALD SHAFFER,                   )
BRENDA THIGPEN, MARCUS HARDY, JOE                      )
SHEENY, and WEXFORD HEALTH SERVICES, INC.,             )
                                                       )
                              Defendants.              )

<u>**MEMORANDUM OPINION AND ORDER**</u>

In this *pro se* suit under 42 U.S.C. § 1983, Doiakah Gray, an inmate in the Illinois

Department of Corrections, alleges that Defendants violated his Eighth Amendment rights by

acting with deliberate indifference to his foot fungus. Doc. 10. The claims against Wexford

Health Services, Inc., have been dismissed. Doc. 47. The remaining defendants have moved for

summary judgment; the State Defendants (Marcus Hardy, Joe Sheeny, and Brenda Thigpen) filed

one motion, Doc. 76, while the Wexford Defendants (Parthasarathi Ghosh and Ronald Shaffer)

filed another, Doc. 71. The motions are granted.

To prevail on his Eighth Amendment claim, Gray must show that Defendants

"display[ed] deliberate indifference to a serious medical need." *Thomas v. Cook Cnty. Sheriff's

Dep't*, 604 F.3d 293, 301 (7th Cir. 2010); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Deliberate indifference has an objective component, that the plaintiff's medical condition be

"objectively serious," and a subjective component, that the defendant "acted with a sufficiently

culpable state of mind" in that they had "subjective knowledge of the risk to the inmate's health

and … disregard[ed] that risk." *Ibid*. (internal quotation marks omitted).

As far as this court is aware, every court to have considered the question has held that a

foot fungus (that is, athlete's foot) does not satisfy the objective component of an Eighth

Amendment deliberate indifference claim. *See Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3rd

Cir. 2009) (holding that "eczema of the feet [and] athlete's foot" are not objectively serious

under the Eighth Amendment); *Smith v. Schwartz*, 2011 WL 2115831, *3 (S.D. Ill. May 26,

2011) ("Smith's allegations that he suffered chronic itching, athlete's foot, chafing, peeling skin,

and a painful, infected rash on his buttocks due to an inability to shower and clean his cell while

Pinckneyville was locked down do not show a serious medical condition."); *Thompson v.

Carlsen*, 2010 WL 3584409, at *11 (N.D.N.Y. Aug.16, 2010) ("dry and cracked skin, and

athlete's foot … are not 'serious' medical problems under Eighth Amendment standards"),

*report and rec. adopted*, 2010 WL 3584396 (N.D.N.Y. Sep. 7, 2010); *Walker v. Dart*, 2010 WL

669448, *4 (N.D. Ill. Feb. 19, 2010) ("Although uncomfortable, a foot fungus, or athlete's foot,

is not a serious medical need or injury."); *Patterson v. Kim*, 2009 WL 2982753, at *8 (W.D.

Mich. Sep. 14, 2009) ("Plaintiff's alleged ingrown toenail and foot fungus are not 'serious

medical needs' sufficient to support the objective component of an Eighth Amendment claim.");

*Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1085 (C.D. Ill. 2007) (holding that "[a] fungal foot

rash" is not an objectively serious medical condition); *Rush v. Schrubbe*, 2007 WL 2686843, at

*2 (E.D. Wis. Sept. 11, 2007) ("athlete's foot itself does not generally amount to an objectively

serious medical condition"); *Russell v. Ohio Adult Parole Auth.*, 2007 WL 129000, at *4 (S.D.

Ohio Jan. 12, 2007) (same); *Sanders v. Allen Cnty. Jail*, 2006 WL 2578977, at *2 (N.D. Ind.

Sept. 6, 2006) ("Athlete's foot, another fungal infection for which there is a substantial risk at communal showers, is not a serious harm."); *Rogers v. Allen Cnty. Jail*, 2006 WL 1441092, *2 (N.D. Ind. May 25, 2006) (holding that "athlete's foot" does not "constitute a serious medical need"); *Calhoun v. Thomas*, 360 F. Supp. 2d 1264, 1287 (M.D. Ala. 2005) (holding that "athlete's foot" and "bleeding feet" do not satisfy the "first, objective inquiry"); *Davis v. Lawson*, 2005 WL 2293752, at *3 (N.D. Ind. Sept. 19, 2005) ("Athlete's foot is simply not a serious medical need within the meaning of [the Eighth Amendment]."); *Landfair v. Sheahan*, 878 F. Supp. 1106, 1112 (N.D. Ill. 1995) ("While no doubt uncomfortable, athlete's foot cannot be considered an injury serious enough to satisfy the objective component of [an Eighth Amendment deliberate indifference claim]."); *see also Sledge v. Kooi*, 564 F.3d 105, 107-08 (2d Cir. 2009) (holding that eczema is not objectively serious under the Eighth Amendment).

The Seventh Circuit has not directly addressed whether athlete's foot can satisfy the objective component of an Eighth Amendment deliberate indifference claim. The Seventh Circuit has, however, provided substantial guidance as to what constitutes an objectively serious medical condition. The governing standard, as set forth in *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997), provides as follows:

> Deliberately to ignore a request for medical assistance has long been held to be a form of cruel and unusual punishment … but this is provided that the illness or injury for which assistance is sought is sufficiently serious or painful to make the refusal of assistance uncivilized. … A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution.

*Id.* at 1372 (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)) (alterations in original); *see also Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (articulating the same standard); *Slater v. Lemens*, 400 F. App'x 109, 112 (7th Cir. 2010) (same); *Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (same); *Zentmyer v. Kendall Cnty.*, 220 F.3d 805, 810 (7th Cir. 2000) (same).

Applying this standard, the Seventh Circuit has held that "a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit." *Elyea*, 631 F.3d at 861; *see also King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotation marks omitted). The Seventh Circuit recently ruled that a prisoner's "claim of 'excruciating pain' from his skin infections" satisfied the objective prong of a deliberate indifference claim, *Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012), while a two-centimeter spider bite did not where there was no indication that the prisoner was allergic to such bites, *Jellis v. Hulick*, 422 F. App'x 548, 550 (7th Cir. 2011). In *Gutierrez* itself, the court cited with approval *Snipes v. DeTella*, 95 F.3d 586, 591 n.1 (7th Cir. 1996), for the proposition that "a toe whose toenail had been removed did not constitute a serious medical need, although, no doubt, quite painful." *Gutierrez*, 111 F.3d at 1372.

These Seventh Circuit precedents are consistent with the consensus reached by courts faced with athlete's foot deliberate indifference claims. Garden variety athlete's foot is akin to the "sniffles or minor aches and pains or a tiny scratch" referenced in *Gutierrez*, the spider bite addressed in *Jellis*, and the toe without a toenail considered in *Snipes*, and thus does not satisfy the objective component of a deliberate indifference claim. However, as recognized by the

district court in *Rush*, which held that "athlete's foot itself does not *generally* amount to an objectively serious medical condition" 2007 WL 2686843, at *2 (emphasis added), it is possible that a *particular* case of athlete's foot could be more severe, painful, or consequential than usual, and thus akin to the "minor burns sustained from lying in vomit" referenced in *King* and the "'excruciating pain' from [a] skin infection" addressed in *Myrick*, in which case the objective component would be satisfied.

The court dismissed Gray's complaint on preliminary review under 28 U.S.C. § 1915A on the assumption that his claim involved garden variety athlete's foot. Doc. 5. In moving for reconsideration, Gray acknowledged that he had a foot fungus, but argued that his particular fungus resulted in an "infected, discolored hole between [his] toes, which caused [his] foot to go numb." Doc. 7 at 2. The "infected hole on [his] foot," Gray argued, took his situation beyond an ordinary case of athlete's foot. *Id*. at 2-3. Based on Gray's description of his condition, the court vacated the dismissal and reinstated the case, holding that Gray had "stated a tenable—if borderline—Eighth Amendment claim." Doc. 9 at 2.

The question on summary judgment is whether the record supports Gray's submission that his was no ordinary case of athlete's foot, and that instead his condition developed into or caused an "infected, discolored hole" between his toes that caused his foot to go numb or resulted in some other discomfort beyond the normal consequences of athlete's foot. "[A] district court is entitled to decide [a summary judgment] motion based on the factual record outlined in the [parties'] Local Rule 56.1 statements." *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (internal quotation marks and alterations omitted); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment

motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly

held that district judges are entitled to insist on strict compliance with local rules designed to

promote the clarity of summary judgment filings"); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d

357, 360 (7th Cir. 2009) ("[w]e have repeatedly held that the district court is within its discretion

to strictly enforce compliance with its local rules regarding summary-judgment motions");

*Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("We have … repeatedly

held that a district court is entitled to expect strict compliance with Rule 56.1."). Gray's status as

a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v.*

*United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in

ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed

without counsel") (citations omitted); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x

642, 643 (7th Cir. 2011) ("[t]hough courts are solicitous of pro se litigants, they may nonetheless

require strict compliance with local rules"); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th

Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion,

even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057,

1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure").

Consistent with the local rules, Defendants filed Local Rule 56.1(a)(3) statements of

undisputed facts along with their summary judgment motions.  Docs. 74, 78.  Each substantive

assertion of fact in the Local Rule 56.1(a)(3) statements cites evidentiary material in the record

and is supported by the cited material.  *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in

(3) shall consist of short numbered paragraphs, including within each paragraph specific

references to the affidavits, parts of the record, and other supporting materials relied upon to

support the facts set forth in that paragraph."). Also consistent with the local rules, Defendants

filed and served on Gray a Local Rule 56.2 Notice, which explains in detail the requirements of

Local Rule 56.1. Docs. 75, 79. Gray filed Local Rule 56.1(b)(3)(B) responses to Defendants'

Local Rule 56.1(a)(3) statements. Docs. 84, 87. He also filed a Local Rule 56.1(b)(3)(C)

statement of additional facts. Doc. 84 at pp. 6-7. Because the additional facts set forth in Gray's

Local Rule 56.1(b)(3)(C) statement relate solely to the subjective component of his deliberate

indifference claim, the question whether the record would allow a reasonable jury to find for

Gray on the objective component turns on Defendants' Local Rule 56.1(a)(3) statements and

Gray's Local Rule 56.1(b)(3)(B) responses thereto.

Gray admitted the following paragraphs of the Wexford Defendants' Local Rule

56.1(a)(3) statement:

> 3.  Plaintiff first developed a minor foot fungus under the toes of his feet in the middle of September, 2010.

> 4.  In September of 2010, Plaintiff's foot fungus consisted only of flaking skin.

> 17. The hole between Plaintiff's toes on his left foot did not develop until January of 2011.

> 18. The hold did not bleed, but emitted clear moist fluid only.

Doc. 87 at ¶¶ 3-4, 17-18. Gray also admitted the following paragraphs of the State Defendants'

Local Rule 56.1(a)(3) statement:

> 6.  Plaintiff developed a foot fungus under the toe area of his foot in the middle of September, 2010.

> 8.  Plaintiff alleges that a hole developed in the area infected by the fungus in January, 2011.

16.     While Plaintiff had this fungus condition on his foot, he was able to conduct his daily activities.

18.     The fungus condition healed.

Doc. 84 at ¶¶ 6, 8, 16, 18.  Given Gray's admissions, these facts are established for purposes of summary judgment.

After stating "Admit" in response to ¶ 16 of the State Defendants' Local Rule 56.1(a)(3) statement, Gray added this sentence: "Although the plaintiff conducted daily activities, he remained in great pain from the hole between his toes."  *Id*. at ¶ 16.  This sentence will be disregarded for two independent reasons.

First, the assertion in that sentence (that the hole caused Gray "great pain") goes beyond the fact to which Gray was responding (that despite the fungus condition on his foot, he was able to conduct his daily activities).  A non-movant seeking to assert facts that go beyond what is fairly responsive to the factual assertions in the movant's Local Rule 56.1(a)(3) statement must do so not in a Local Rule 56.1(b)(3)(B) response, but in a Local Rule 56.1(b)(3)(C) statement of additional facts.  *See Johnson v. Cnty. of Cook*, 2012 WL 2905485, at *12 (N.D. Ill. July 16, 2012) ("It is inappropriate for a non-movant to include additional facts, *meaning facts extraneous to the substance of the paragraph to which the non-movant is responding*, in a Local Rule 56.1(b)(3)(B) response.  Rather, Local Rule 56.1 *requires specifically* that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate statement under Local Rule 56.1(b)(3)(C) of any additional facts that require the denial of summary judgment.") (first emphasis added, citations and internal quotation marks omitted).  The purpose of this requirement is not to be persnickety; rather, "[t]he rationale behind this rule is that if the non-

-8-

movant includes additional facts in only the Local Rule 56.1(b)(3)(B) response, the movant is unfairly deprived of a vehicle under Local Rule 56.1 to dispute those facts because the rule permits movants to reply only to a Local Rule 56.1(b)(3)(C) statement, not a Local Rule 56.1(b)(3)(B) response." *Hall v. Vill. of Flossmoor Police Dep't*, 2012 WL 6021659, at *8 n.8 (N.D. Ill. Dec. 4, 2012). The court therefore will disregard the extraneous fact (that Gray suffered "great pain") set forth in ¶ 16 of Gray's Local Rule 56.1(b)(3)(B) response. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008) (affirming the district court's refusal to consider additional facts set forth in the non-movant's Local Rule 56.1(b)(3)(B) response); *Eason v. Nolan*, 416 F. App'x 569, 569-70 (7th Cir. 2011) (same); *Bolden v. Dart*, 2013 WL 3819638, at *2 (N.D. Ill. Jul. 23, 2013) (declining to consider additional facts set forth in the non-movant's Local Rule 56.1(b)(3)(B) response); *Levin v. Grecian*, 2013 WL 2403642, at *1 (N.D. Ill. May 31, 2013) (same); *Hall*, 2012 WL 6021659, at *8 n.8 (same); *Johnson*, 2012 WL 2905485, at *12 (same).

Second, Gray did not cite anything—not a portion of the record, not his affidavit—to support his assertion that he suffered great pain due to the hole between his toes. This violates Local Rule 56.1(b)(3)(B)'s requirement that the non-movant's response to the movant's Local Rule 56.1(a)(3) statement "respon[d] to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, *specific references to the affidavits, parts of the record, and other supporting materials relied upon*." N.D. Ill. L.R. 56.1(b)(3)(B) (emphasis added). For this reason as well, Gray's assertion regarding the pain caused by the hole will be ignored. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 634 (7th Cir. 2005); *Smith v. Lamz*, 321 F.3d 680,

682-83 (7th Cir. 2003); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (collecting cases).

No other portion of Gray's Local Rule 56.1(b)(3)(B) responses addresses any pain that his condition might have caused. As noted above, nothing in Gray's Local Rule 56.1(b)(3)(C) statement addresses pain. And while Gray's summary judgment opposition briefs assert that he suffered pain, Docs. 83, 85-86, 88, those assertions are disregarded because facts may be considered on summary judgment only if they are presented in a compliant Local Rule 56.1 statement or response. *See Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (holding that the predecessor to Local Rule 56.1(b)(3) "provides the only acceptable means of … presenting additional facts to the district court"); *Dunhill Asset Servs. III, LLC v. Tinberg*, 2012 WL 3028334, at *3 (N.D. Ill. July 23, 2012) ("Under settled law, facts asserted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion.") (internal quotation marks omitted); *Garner v. Lakeside Cmty. Comm.*, 2011 WL 2415754, at *1 n.1 (N.D. Ill. June 13, 2011) ("the Court disregards any additional statements of fact contained in a party's response brief but not in its L.R. 56.1(b)(3)[] statement of additional facts"); *Curtis v. Wilks*, 704 F. Supp. 2d 771, 789 (N.D. Ill. 2010) ("Any facts plaintiffs assert in their response brief that were not included in their LR 56.1 submissions will not be considered."); *Byrd-Tolson v. Supervalu, Inc.*, 500 F. Supp. 2d 962, 966 (N.D. Ill. 2007) ("facts are properly presented through the framework of the Rule 56.1 statements, and not through citation in the briefs to raw record material").

This outcome is consistent with *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394 (7th Cir. 2012). *Sojka* holds that where a non-movant properly includes facts sufficient to preclude

-10-

summary judgment in its Local Rule 56.1(b)(3)(B) response or Local Rule 56.1(b)(3)(C) statement of additional facts, the district court must consider those facts even if the non-movant does not also recite or refer to those facts in its summary judgment brief. *Id*. at 397-98. Here, Gray's problem is not that he properly presented facts under Local Rule 56.1(b)(3) and simply neglected to mention those facts in his briefs, but rather that his Local Rule 56.1(b)(3)(B) responses and Local Rule 56.1(b)(3)(C) statement do not properly present any facts regarding the seriousness of his condition or the pain he claims to have felt. *Sojka* did not abrogate the numerous decisions cited above that call for the court to disregard the factual assertions in Gray's brief that are not properly set forth in a Local Rule 56.1(b)(3) statement or response.

Accordingly, the factual record, viewed as favorably to Gray as permitted by Local Rule 56.1, establishes the following with respect to the hole between Gray's toes. It developed in January 2011. It emitted a clear, moist fluid, but did not bleed. It did not prevent Gray from conducting his daily activities. That the hole did not bleed must mean that it was not very deep, and that instead it was the kind of minor crevice or break in the skin that is a common symptom of athlete's foot. The hole healed. And perhaps most significantly, there is nothing in the summary judgment record about pain, discoloration, or numbness.

Accordingly, the record refutes the premise on which the court reinstated the case—that Gray's condition was more serious, painful, or uncomfortable than an ordinary case of athlete's foot. Rather, the record confirms that Gray had nothing more, nothing less, than garden variety athlete's foot. Based on the authorities discussed above, Gray cannot satisfy the objective component of his deliberate indifference claim, which entitles Defendants to summary judgment.

*See Jellis*, 422 F. App'x at 550; *Bacon v. Harder*, 248 F. App'x 759, 761 (7th Cir. 2007); *Snipes*, 95 F.3d at 591 n.1.

### Conclusion

Defendants' summary judgment motions are granted on the ground that Gray has failed to adduce evidence sufficient to satisfy the objective component of his Eighth Amendment deliberate indifference claim. Given this disposition, it is unnecessary to address Defendants' arguments that Gray failed to adduce evidence sufficient to establish the subjective component of his claim and that he also failed to exhaust his administrative remedies.

October 3, 2013

_____
United States District Judge